HARRIS et v W M PATTISON SUPPLY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13502.   Decided May 31, 1934

Orgill, Maschke & Wickham, Cleveland, and H. Frank Van Lill, Cleveland, for plaintiffs in error.

Thompson, Hine & Flory, Cleveland, for defendant in error,

HAMILTON, PJ; and ROSS, J, (1st Dist) and WILLIAMS, J, (6th Dist) sitting.

## OPINION

By ROSS, J.

The claim of the assignee having been satisfied by a Bonding Company, the rights of the assignee were transferred to it. The Commissioners being protected by a bond made payment to the Bonding Company. The instant suit now calls upon the Commissioners to pay to the creditor, defendant in error, under its order in proceedings in aid. If the original assignment was valid, the Commissioners are protected; if it was not, as found by the trial court, the Commissioners must pay.

It is asserted that the assignment was made in contemplation of the insolvency, and that the assignee knew of such financial status, and the trial court upon the evidence so found. If there was substantial evidence supporting this position, the judgment must stand.

The record shows that Mr. Canfield, one of the members of the firm of contractors died some time previous to the assignment and that a Mr. Sweeney was induced by his widow to take over the management of the business. A financial statement was presented in the record showing the relation of assets and liabilities at approximately the time of the assignment. This shows a favorable balance on the side of assets. The evidence is, however, that the assets were of such a character as to permit of great shrinkage if the business were discontinued.

The statute invalidates an assignment made in contemplation of insolvency, with a design to prefer one creditor to the exclusion of another. It is to be noted that the statute does not state that such assignment is void only if the assignee is in-

solvent—but states it is void if made in "contemplation" of insolvency. Such contemplation must be more than a mere apprehension. It must amount to a definitely recognized probability accompanied by provision against such contingency in favor of the creditor preferred. The statutes further provide that the creditor must be aware of the fraudulent intent upon the part of the assignor. §§11104 and 11105, GC.

An examination of the record causes us to conclude that the trial court had presented to it ample evidence justifying the conclusion that the assignor intended to prefer his creditor in contemplation of insolvency, and that the creditor in accepting the assignment was aware of such intent, and possessed the knowledge stated to be necessary in **Carruthers et v Kennedy et, 121 Oh St, 8.**

For these reasons, the judgment of the Court of Common Pleas is affirmed.

HAMILTON, PJ, and WILLIAMS, J, concur.